ELIJAH FARR *v.* CHARLES BRIGHAM.

The repeal of the proviso to the statute of 1798, allowing equitable defences to promissory notes, negotiated, took full effect on the first day of January, 1837, and cut off all such defences accruing after that date, though the notes bore date anterior to that time.

Such defences depend on the law in force at the time they accrue, and not necessarily upon the law in force at the time the contract was executed to which they are offered.

THIS was an action brought by appeal to the county court, in which the plaintiff declared that, on the 29th of November, 1836, the defendant executed and delivered to one Ezra Sanborn, his promissory note of that date, made payable to said Sanborn or bearer, and, on that day endorsed by said Sanborn to the plaintiff, of which the defendant on the same day had notice. The defendant pleaded in bar, setting forth that, after the entering of the suit in court, he filed his declaration on book account against said Sanborn, and subsequently obtained, and filed in court, the report of an auditor that there was due him from Sanborn, the sum of $154.45, to ballance book accounts between them, which was accepted by the court; and averring that, at the time of being notified of said endorsement, to wit, on the first day of July, 1838, there was a balance of the items of account reported on by the auditor, due from said Sanborn to the defendant to an amount greater than the amount of said note and interest. The plaintiff replied the execution and endorsement of the note, and notice of the endorsement, on the 29th of November, 1836, as set forth in his declaration. The defendant rejoined that he was not notified of the said endorsement, until the commencement of this suit, on the 30th of April, 1839. To this there was a demurrer. The court overruled the demurrer, and rendered judgment for the defendant; to which the plaintiff excepted.

*E. Farr* and *L. B. Peck,* for plaintiff.

1. The note in question having been executed after the passage of the act of November, 1836, repealing the proviso to the act of 1798, which authorized such an off-set, and being negotiated to the plaintiff while current, is not subject to the off-set. The proviso to act of November 17, 1836,

declares, " That nothing in this act shall impair any right which has accrued under the act to which this is an amendment." This proviso saves only such rights as had *then* accrued. To hold that all rights were saved which might arise at a period subsequent to the passage of the act, would be doing violence to the language used. Had the legislature intended to save rights that might accrue before thè first day of January, 1837, when the act took effect, it is fair to presume that language would have been used clearly importing such intention. *Hutchins* v. *Taylor*, Law Reporter, Nov. No. 1842, p. 289.

2. If rights that existed on the first day of January, 1837, are within the saving of the statute, it does not affect the present question. The act of 1798 provided a new *remedy* for the recovery of claims due from the payee to the maker of a note. It permitted a recovery by way of offset. This *remedy* was taken away by the act of 1836. The *remedy* is not a right, within the meaning of the proviso. A payment made by the maker to the payee, before notice of the transfer, would be protected, while the right to offset a claim having no connection with the note, would stand on entirely different ground. *Hewitt* v. *Wilcox*, 1 Metcalf, 154.

*A. Underwood*, for defendant.

By the *proviso* to the act relating to actions by endorsees, passed October 30, 1798, there can be no doubt the defendant's plea is a good bar, unless controlled by some subsequent law. This proviso was repealed by an act passed November 17, 1836. But the act of 1836 was a *public law*, and by an act passed October 24, 1834, all public acts of that, or any future legislature, were to take effect, and be in force, from the 1st of January *next after their passage*, and not before, unless otherwise therein provided. The repealing act of 1836 took effect therefore, on the 1st of January, 1837, *and not before ;* consequently the proviso to the act of 1798, was in force up to January, 1837, securing the right of set-off at the execution of the note.

But the plaintiff relies on the construction to be given to the *proviso* of the act of 1836, and insists that because *that* saved rights of set-off, which *had* accrued, none were saved accruing thereafter. The act of 1834, however, had the effect

of postponing the *proviso* of the act of 1836 to the first of January, 1837, and the words "has accrued" must therefore have reference to that time.	But, 2d. If it be true that the words "has accrued" had reference to the 17th of November, 1836, it does not follow that rights accruing between that date and the first of Januuary, 1837, are impaired.	They are preserved by the proviso of the act of 1798, which remained unrepealed until the 1st of January, 1837, up to which time the law of 1798 was the rule of action, governing and controlling the rights and liabilities of the parties.	Law Rep. Vol. 10, p. 457 and 462.

ORANGE,<br>*March,*<br>1843.<br><br>Farr<br>*v.*<br>Brigham,

The opinion of the court was delivered by

REDFIELD, J.—We think it very clear that the statute in question had no effect whatever, until the first day of January, 1837, and that it then took full effect, saving only rights, which had then already accrued, and not such as might thereafter accrue.

Now the right to off-set a matter, which should thereafter accrue, and not in faith of the note, or having any connexion with it, is no right that existed, at that time, nor until the offset accrued, and by force of the law *then* existing.	And as it no where appears, in the pleadings, that this offset existed on the first day of January, 1837, it cannot prevail. This question might have been raised by demurrer to the plea, but as the matter extended to a rejoinder, which the county court held sufficient, we reverse that judgment, and adjudge the rejoinder insufficient.	And as there are other pleadings in the case, it is remanded to the county court, to be there proceeded with.